FILED
AUG 15 2007
CLERK
U. S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 2:07-CR-180-WKW |
| | ) | [18 USC § 922(g)(1)] |
| BOBBY LEE JOHNSON | ) | |
| | ) | |
| | ) | INDICTMENT |

The Grand Jury charges:

## COUNT 1

On or about August 26, 2006, in Montgomery County, within the Middle District of Alabama,

BOBBY LEE JOHNSON,

defendant herein, having been convicted on or about the dates set forth below of the offenses set forth below, all felonies punishable by imprisonment for a term exceeding one year under the laws of the State of Alabama:

| Conviction Date | Court | Case Number | Offense |
|---|---|---|---|
| May 3, 1996 | Circuit Court of Montgomery County, Alabama | CC-94-127 | Receiving Stolen Property, 1st Degree |
| September 23, 1993 | Circuit Court of Montgomery County, Alabama | CC-93-917 | Possession of a Short Barreled Shotgun |
| January 6, 1993 | Circuit Court of Dallas County, Alabama | CC-92-600 | Breaking and Entering an Automobile |

did knowingly possess, in and affecting commerce, the following firearm: one Marlin, model 60, .22 caliber, semi-automatic rifle with a sawed-off butt stock, a better description of which is unknown to the grand jury. All in violation of Title 18, United States Code, Section 922(g)(1).

## FORFEITURE ALLEGATION

A. Count 1 of this indictment is repeated and incorporated herein by reference.

B. Upon conviction for the violation of Title 18, United States Code, Section 922(g)(1), as alleged in Count 1 of this indictment, the defendant,

BOBBY LEE JOHNSON,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924 and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in the commission of this offense, including but not limited to the following:

**one Marlin, model 60, .22 caliber, semi-automatic rifle with a sawed-off butt stock, a better description of which is unknown to the grand jury**

C. If any of the forfeitable property described in this forfeiture allegation, as a result of any act or omission of the defendant:

  (1) cannot be located upon the exercise of due diligence;

  (2) has been transferred or sold to, or deposited with, a third person;

  (3) has been placed beyond the jurisdiction of the Court;

  (4) has been substantially diminished in value; or

  (5) has been commingled with other property which cannot be subdivided without difficulty;

the United States, pursuant to Title 21, United States Code, Section 853, intends to seek an order of this Court forfeiting any other property of said defendant up to the value of the forfeitable property.

2

A TRUE BILL:

*[signature]*
Foreperson

*[signature]*
LEURA G. CANARY
UNITED STATES ATTORNEY

*[signature]*
JOHN T. HARMON
Assistant United States Attorney

*[signature]*
NATHAN D. STUMP
Assistant United States Attorney

3